# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| Marcus Q. Wells, | CASE NO. 13-01692-CPM |
|     Debtor | |
| _____/ | |
| Marcus Q. Wells, | ADV. PROCEEDING NO. 13-00932-CPM |
|     Plaintiff, | |
| vs. | |
| U.S. Bank, N.A. | |
|     Defendant. | |
| _____/ | |

## MOTION TO DISMISS AND MEMORANDUM OF LAW

Defendant, U.S. Bank, N.A. ("US Bank"), by and through the undersigned counsel, moves the Court to Dismiss this case against Defendant US Bank, pursuant to Federal Rules of Civil Procedure 12 (b) 6 and Federal Rule of Bankruptcy Procedure 7012(b) and states as follows:

## BRIEF FACTUAL BACKGROUND

1. Plaintiff executed a note and mortgage regarding the subject real property on July 12, 2006.

2. Schedule A to the subject mortgage describes the property secured as "Lot 22 and 1/67th undivided interest in Tracts A, B, C & D ROLLIGLEN, according to the plat thereof recorded in Plat Book 73, Page 31, Public Records of Polk County, Florida, together with that certain 1982 Green double wide home with VIN numbers of FLFL2AC493204071 and FLFL2BC493204071.

3. The second page of the mortgage grants and conveys to the lender the property as shown on Schedule A.

4. The first full paragraph on page two of the mortgage states that "all the improvements now or hereafter erected on the property, and all easements appurtenances and fixtures now or hereafter" are part of the property.

**STANDARD OF REVIEW**

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must read all well-pleaded allegations of the complaint as true." *Weiner v. Klais and Co., Inc.,* 108 F.3d 86, 88 (6th Cir. 1997) (citing *Bower v. Federal Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996)). In addition, a court must construe all allegations in the light most favorable to the plaintiff. *Bower,* 96 F.3d at 203 (citing *Sinay v. Lamson & Sessions,* 948 F.2d 1037, 1039 (6th Cir. 1991)).

The Supreme Court has explained "an accepted pleading standard" that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner,* 108 F.3d at 88 (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)).

Under Federal Rules of Civil Procedure 12(b), the Court can dismiss a complaint for failure to state a claim upon which relief can be granted. FED. R. Civ. P. 12(b)(1), The complaint on its face fails to establish a cause of action. Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint. *Bell Atlantic Corp. v. Twombly*, --U.S. ---, 127 S. Ct. 1995, 1964-1967 (2007).

In ruling on a defendant's motion to dismiss, a trial court is limited to the four corners of the Complaint, and it must accept all the allegations in the Complaint as true. *See Lutz Lake Fern Rd. Neighborhood Groups, Inc. v. Hillsborough County*, 779 So.2d 380, 383 (Fla. 2d DCA 2000).

However, exhibits attached to a complaint or other pleadings are a part of the complaint. *See Bott v. City of Marathon*, 949 So.2d 295 (Fla 3rd DCA 2007) ("when considering a motion to dismiss, a trial court is required to consider any exhibit attached to, or incorporated in the pleading"). *See also Harry Pepper & Assoc., Inc. v. Lasseter*, 247 So.2d 736 (Fla. 3rd DCA 1971) (stating "[i]n considering a motion to dismiss the trial court was required to consider the exhibit . . . attached to and incorporated in the amended complaint" and quoting *Florida Rule of Civil Procedure 1.130(b)*, providing that "[a]ny exhibit attached to a pleading shall be considered a part thereof for all purposes").

As such, an exhibit attached to a complaint or other pleading may be considered when ruling on a motion to dismiss as considering exhibits does not violate the "four corners" rule.

Further, exhibits attached to a complaint or other pleading must agree with the allegations of the Complaint, and where to two do not agree, <u>the exhibits control</u>. *See also*, *Geico Gen. Ins. Co. V. Graci*, 849 So.2d 1196 (Fla. 4th DCA 2003) and *Ginsberg v. Lennar Fla. Holdings, Inc.* 645 So.2d 490, 494 (Fla. 3rd DCA 1994) (where exhibits contradict complaint allegations, plain meaning of exhibits control). *Harry Pepper & Associates V. Lasseter*, 247 So.2d 736 (Fla. 3rd DCA 1971) and *see Hlt Application Sys. V. Hartford Life*, 381 So.2d 294 (Fla. 1st DCA 1980).

**<u>ARGUMENT</u>**

Plaintiff, Marcus Wells, rests his argument that he should be able to avail himself of the cram-down provision because US Bank's claim is not "secured only by a security interest in real

property." However, Plaintiff attaches the mortgage between US Bank and Marcus Wells to the complaint which establishes that the 1982 Green double wide mobile home was to be part of the real property securing the claim.  As stated supra: Schedule A to the subject mortgage describes the property secured as "Lot 22 and 1/67th undivided interest in Tracts A, B, C & D ROLLIGLEN, according to the plat thereof recorded in Plat Book 73, Page 31, Public Records of Polk County, Florida, together with that certain 1982 Green double wide home with VIN numbers of FLFL2AC493204071 and FLFL2BC493204071. The second page of the mortgage grants and conveys to the lender the property as shown on Schedule A. The first full paragraph on page two of the mortgage states that "all the improvements now or hereafter erected on the property, and all easements appurtenances and fixtures now or hereafter" are part of the property.

As Plaintiff states in paragraph 11 of the Complaint the Manufactured Home Rider does contain two options for how the subject home is to be treated, one being as real property (paragraph 1) and one being as personal property (paragraph 2), and neither box was checked. Yet, in paragraph 14 of the Plaintiff's Complaint the plaintiff takes a portion from paragraph 3 of the Rider completely out of context and asserts that the borrower agrees that the home shall remain personal property, separate and severable from the real property.  What plaintiff fails to include in paragraph 14 is the fact that paragraph 3 of the rider states that "If paragraph 2 has been marked and completed" borrower agrees that the home shall remain personal property, separate and several from the real property. As previously stated supra and in plaintiff's complaint neither paragraph 1 or paragraph 2 were marked.

Further, the fact that the mortgage states that the 1982 Green mobile home was there prior to the note and mortgage being executed on July 12, 2006 shows that the mobile home was already part of the real property and not personal property of the plaintiff.

**WHEREFORE** US Bank moves this Honorable Court to dismiss Plaintiff's Complaint with prejudice.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF on this 08 day of November 2013 to:

**James R Carr**
Florida Rural Legal Services Inc.
1321 E. Memorial Blvd., Suite 101
Lakeland, FL 33801

The parties identified below were served by U.S. Mail on this 08 day of November 2013.

**Marcus Q Wells**
3107 Rollinglen Ln
Lakeland, FL 33810

                                                   Douglas C. Zahm, P.A.
                                                   Email Address: bk@dczahm.com
                                                   12425 28th Street North, Suite 200
                                                   St. Petersburg, FL 33716
                                                   Telephone No. (727) 536-4911
                                                   Attorney for the Defendant
                                                   By: /S/ Kenneth W. Lockwood

                                                   *Kenneth W. Lockwood*
                                                   FBN #16722